United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50644
Summary Calendar

GEOFFREY E. ROHDE,

Plaintiff-Appellant,

versus

CITY OF AUSTIN, TEXAS,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:04-CV-280-SS
--------------------

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Geoffrey E. Rohde filed the instant 42 U.S.C. § 1983 action to challenge an ordinance ("the Ordinance") enacted by the City of Austin that forbids smoking in public places. Rohde contended that the Ordinance violated his First and Fourteenth Amendment rights. The district court determined that Rohde had failed to state a claim upon which relief could be granted and dismissed his suit. Rohde appeals that dismissal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Our review of the record reveals that the district court did not have jurisdiction to enter its amended judgment because this judgment was entered after Rohde had noticed his appeal from the district court's original judgment. See Henry v. Indep. Am. Sav. Ass'n, 857 F.2d 995, 997-98 (5th Cir. 1988). Accordingly, to the extent that Rohde seeks to challenge the district court's amended judgment, which was the only judgment to address his Due Process claim, that matter is not before us.

Rohde did timely notice his appeal from the district court's original judgment, which addressed Rohde's First Amendment claim. The First Amendment recognizes certain rights of association involving private relationships and shields these relationships from governmental interference. See Louisiana Debating and Literary Ass'n v. City of New Orleans, 42 F.3d 1483, 1493 (5th Cir. 1995). One type of relationship that qualifies for this protection is associations that are marked by "deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thought, experiences, and beliefs, but also distinctively personal aspects of one's life." Roberts v. United States Jaycees, 468 U.S. 609, 620 (1984). Rohde has not shown that the disputed associations fall into this category. See id. at 622.

The Constitution also protects associations that exist for the purpose of engaging in expressive activities protected by the First Amendment. Louisiana Debating and Literary Ass'n, 42 F.3d

at 1493.  Rohde has not shown that the disputed relationships fall into this category, as he has not shown that he and his friends meet for the purpose of engaging in activity that communicates a certain message to those who witness it.  See Cabrol v. Town of Youngsville, 106 F.3d 101, 109 (5th Cir. 1997).  Rohde has not shown that the district court erred in concluding that he had failed to state a First Amendment claim upon which relief could be granted.  The judgment of the district court is AFFIRMED.